WOOD, J.
We have no law prohibiting the running of horses or horse-racing. Our statute makes void all agreements where any part of the consideration is for a horse-race, or for money, or other thing lost or won, laid, staked or betted, upon a horse-race, or for money borrowed to bet, and authorizes the loser, and if he neglect, any other person, to sue for and recover the loss. We think with C. J. Abbott, 1 Car. & P. 13, that the time of the court is not to be taken up in trying which dog or man wins a battle or a race. But this case does not involve that inquiry; no race has been run. An improper agreement was made to run, and the parties becoming satisfied of its impropriety, abandoned it. It seems to us such agreements ought all to be abandoned, not kept, and it would be iniquitous to allow a depositary, under such circumstances, to plunder the repenting and retracting parties. Our statute expressly authorizes the loser to sue for and recover back the loss; 29 O. L. 443. Will you then say there shall be no rescission of the contract, drive on the race, and give an action, when you will not allow a recovery before ? The late case in England, 3 Car. & P. 371, to *486 be sure, holds that you can recover, if the event bet upon does not happen. The judgment is reversed.
[Rescission of illegal contract should be encouraged. Locus pcenitentiae; Hooker v. DePalos, 2 C. S. C. R. 369, 378.]